46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert C. SMITH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1858.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 20, 1995.
 
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 Rose A. Cyrus, Huntington, WV, for Appellant.
 Charlotte Hardnett, Chief Counsel, Dorothea J. Lundelius, Division Chief, Robert S. Drum, Assistant Regional Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, PA; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, WV, for Appellee.
 OPINION
 PER CURIAM:
 
 
 1
 Robert C. Smith ("Smith") appeals from a magistrate judge's decision, upholding the determination of the Secretary of Health and Human Services ("the Secretary"), that he was not entitled to disability benefits.* Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Smith filed an application for benefits in January 1990, alleging disability due to breathing problems, poliomyelitis residuals, obesity, and high blood pressure. The application was denied, and the regional commissioner found the denial of benefits appropriate upon reconsideration. Smith then requested a hearing before an administrative law judge ("ALJ"), at which he testified and presented evidence. The ALJ determined that, though Smith's condition precludes him from performing his past work as a grocery store operator, he was not disabled because he could still perform a limited range of light or sedentary level work. The Appeals Council denied Smith's request for review, and the ALJ's decision therefore became the final decision of the Secretary. Smith then filed a civil action in the district court, and a magistrate judge affirmed the Secretary's decision, which he appealed to this Court.
 
 
 3
 Counsel for Smith on appeal, who was not counsel in the proceedings below, urges this Court to consider two issues not raised before either the magistrate judge or the ALJ: (1) the ALJ failed in his duty to develop the record regarding post polio syndrome, and (2) the ALJ failed to arrive at a proper credibility assessment of Smith. Because these issues were not raised below, we decline to hear them for the first time on appeal. See Williams v. Shalala, 997 F.2d 1494, 1500 (D.C.Cir.1993); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Clarke v. Bowen, 843 F.2d 271, 273 (8th Cir.1988).
 
 
 4
 Smith also contends, as properly raised below, that, contrary to the findings of the ALJ, the evidence at his administrative hearing conclusively established that his fatigue and shortness of breath render him unable to perform any type of work. This Court must assess on appeal whether substantial evidence supports the Secretary's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). It is the duty of the ALJ reviewing the case, not the courts, to make findings of fact and to resolve conflicts in the evidence. Id. "Substantial evidence" means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is not within the province of the reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if her judgment is supported by substantial evidence. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 5
 The ALJ determined that though Smith was "unable to perform his past relevant work as a grocery store operator," he had the residual functional capacity to perform a limited range of light-level work which did not require prolonged standing or walking; aerobic type activities; more than occasional climbing, balancing, stooping, crouching, kneeling, or crawling; work at heights, around dangerous machinery, on uneven surfaces, at temperature extremes or in high humidity; and which would accommodate his loss of grip strength and manipulative ability, described as moderate in the left hand and mild in the right.
 
 
 6
 Based on the testimony of a vocational expert, the ALJ determined that, considering Smith's age, education, work experience, functional capacity, and overall medical condition, there are a significant number of light or sedentary jobs in the national and regional economies which Smith could perform, including order clerk, mail clerk, surveillance system monitor and telephone solicitor. Therefore, the ALJ determined that Smith is not disabled and is not entitled to benefits.
 
 
 7
 Substantial evidence supports the ALJ's finding that Smith possessed the residual functional capacity for a limited range of light level work. Smith's testimony established that he could sit without discomfort and that, despite any fatigue, he did not need to lie down or nap during the day. The medical records disclose recent improvement in Smith's condition due to surgery and weight loss. Furthermore, no treating physician placed any restrictions on Smith's ability to perform sedentary work. Contrary to Smith's allegations, there was no testimony or other evidence that Smith suffered from a significant sitting impairment or that his fatigue would hinder his employment in a light or sedentary job.
 
 
 8
 Because we find that substantial evidence supports the Secretary's decision that Smith is not disabled, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of a magistrate judge under 28 U.S.C.A. Sec. 636(c) (West 1993)